IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD R. HOLTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL NO.  05-070-GPM |
| | ) |
| MONSANTO, INC., G.D. SEARLE | ) |
| COMPANY, NUTRASWEET COMPANY, | ) |
| and MERISANT COMPANY, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This is the second time this action has been filed in this Court.  The first time, it was dismissed without prejudice for lack of subject matter jurisdiction (civil number 02-926-GPM, dismissed Mar. 6, 2003).  This time, Plaintiff has clearly set forth his own citizenship and the states of incorporation and principal places of business of Defendants, and it is abundantly clear that this Court again lacks subject matter jurisdiction.

Plaintiff filed this civil action against Defendants claiming negligence, strict products liability, "deceit and misrepresentation," and breach of express or implied warranties arising out of Defendants' involvement with the product Aspartame, which Plaintiff claims injured him (Doc. 5). Plaintiff alleges that "[j]urisdiction and venue is, therefore, proper pursuant to U. S. Code 28 § 1332(a) & (c), ILCS 735 5/2-209 & ILCS 735 5/13-217" (Doc. 5, ¶ 7).  The Court has reviewed the amended complaint *sua sponte* to determine whether it has subject matter jurisdiction.  *See, e.g.,* FED. R. CIV. P. 12(h)(3); *Andrews v. E.I. du Pont de Nemours & Co.*, No. 04-2882, 2006 WL 1191518, at *3 (7th Cir. May 5, 2006) ("Neither party has raised it but we have an independent

obligation to be sure jurisdiction exists."); *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction").

Plaintiff is an inmate in the Centralia Correctional Center in Centralia, Illinois.[1] He alleges that he was a citizen of Richland County, Illinois, before incarceration, and he intends to return there upon his release from prison (Doc. 5, ¶ 1). Therefore, Plaintiff is a citizen of the State of Illinois. *See Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002) ("A prisoner is a citizen of the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state."). He further alleges that Defendants G.D. Searle Company and NutraSweet Company both have their principal places of business in Illinois (Doc. 5, ¶¶ 3-4). This means that they are citizens of the State of Illinois. *See* 28 U.S.C. § 1332(c)(1). Accordingly, Plaintiff cannot satisfy the diversity of citizenship requirement of 28 U.S.C. § 1332(a). This defect is fatal. Accordingly, this action is **DISMISSED without prejudice** for lack of subject matter jurisdiction. *See Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) (a court must dismiss a case over which it has no jurisdiction when a fatal defect appears); *see also Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996).

**IT IS SO ORDERED.**

DATED: 06/06/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge

---

[1] Because this action does not involve prison conditions, the Court finds that the Prison Litigation Reform Act is inapplicable. *See* 18 U.S.C. § 3626(g)(2).